| | |
|---|---|
| Daniel E. Doherty (DD–2145) | James A. Hunter (JH–1910) |
| D.E. DOHERTY LAW OFFICE, LLC | LAW OFFICE OF JAMES A. HUNTER |
| 7300 W. 110th Street, Suite 930 | 201 King of Prussia Road, Suite 650 |
| Overland Park, Kansas  66210 | Radnor, Pennsylvania  19087 |
| Tel: +1 (913) 338-7182 | Tel: +1 (484) 275-2162 |
| Fax: +1 (913) 338-7164 | Fax: +1 (646) 462-3356 |
| Email: ded@ddoherty.net | Email: hunter@hunterkmiec.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and REVIVE INVESTING LLC, | ECF CASE |
| Plaintiffs, | |
| – v. – | No. 24-cv-5670 |
| BRIAN FERDINAND, | COMPLAINT FOR RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b) |
| Defendant, | |
| – and – | |
| LUXURBAN HOTELS INC., | **JURY DEMAND** |
| Nominal Defendant. | |

Plaintiffs Calenture, LLC and Revive Investing LLC (collectively, "Plaintiffs"), by their undersigned attorneys, plead for their complaint as follows:

### INTRODUCTION

1. This is an action for recovery of profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16 was the original and, for many years, the only express insider trading provision of the Act.  *See* Richard W. Jennings et al., Securities Regulation: Cases and Materials 1202 (8th ed. 1998).  Its purpose is to "prevent[] the

unfair use of information that may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(a).

3. Section 16 applies to the directors and officers of every issuer with a class of publicly traded equity securities. *Id.* § 78p(a), (b). It also applies to every beneficial owner of more than 10% of any such class. *Id.* Under Section 16(b), these "insiders" must repay to the issuer any profit they realize from any purchase and sale of the issuer's equity securities within a period of less than six months. *Id.* § 78p(b). If an insider fails to repay this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

4. Liability under Section 16(b) is strict. The issuer is entitled to recover the profit from an insider's short-swing transaction "irrespective of any intention on the part of [the insider] in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

5. Plaintiffs, both stockholders of Nominal Defendant LuxUrban Hotels Inc. ("LuxUrban"), bring this action on LuxUrban's behalf against LuxUrban director and founder Defendant Brian Ferdinand ("Ferdinand"). Ferdinand realized more than $320,000 in profit from purchases and sales of LuxUrban's equity securities within a period of less than six months, all while serving as a LuxUrban director and beneficially owning more than 10% of the company's outstanding common stock.

6. Under Section 16(b) of the Act, that profit is LuxUrban's lawful property, which Ferdinand is strictly liable to account for and repay.

**JURISDICTION AND VENUE**

7. Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

8. Venue lies in this District under Section 27 of the Act and 18 U.S.C. § 1401 (a) because Nominal Defendant LuxUrban transacts significant business in this District, operating eight hotels in lower or midtown Manhattan as of December 31, 2023; and (b) because the transactions described in paragraph 14 below were executed through the facilities of The Nasdaq Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

**THE PARTIES**

9. Plaintiff Calenture, LLC, a stockholder of LuxUrban, is a limited liability company formed under the law of the State of New York with a principal place of business located in New York, New York.

10. Plaintiff Revive Investing LLC, a stockholder of LuxUrban, is a limited liability company formed under the law of the State of Texas with a principal place of business located in Brock, Texas.

11. Defendant Ferdinand is a natural person and a resident of the State of Florida. At all relevant times, Ferdinand served as a director of LuxUrban and beneficially owned more than 10% of its outstanding common stock.

12. Nominal Defendant LuxUrban is a corporation formed under the law of the State of Delaware with a principal place of business located in Florida. At all relevant times, LuxUrban's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and was listed for trading on The Nasdaq Stock Market LLC. This

action is brought in the right and for the benefit of LuxUrban, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

### SOLE CLAIM FOR RELIEF:
### RECOVERY OF PROFIT UNDER 15 U.S.C. § 78p(b)
### (AGAINST DEFENDANT BRIAN FERDINAND)

13. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-12 above.

14. Ferdinand engaged in the following transactions in LuxUrban's equity securities while serving as a LuxUrban director and while beneficially owning more than 10% of LuxUrban's common stock:

(a) On November 30, 2023, Ferdinand sold 62,000 shares of LuxUrban's common stock over the open market at a weighted average price of $4.46 per share.

(b) On December 1, 2023, Ferdinand sold 14,219 shares of LuxUrban's common stock over the open market at a weighted average price of $4.45 per share.

(c) On May 23, 2024, Ferdinand purchased 6,000,000 shares of LuxUrban's common stock at a price of $0.25 per share from the underwriters of a registered public offering of LuxUrban's common stock.

15. Ferdinand conducted the transactions described in paragraph 14(a) and (b) through THA Holdings LLC, a limited liability company he controls. Ferdinand is the sole manager and managing member of THA Holdings LLC and, upon information and belief based on Ferdinand's securities filings, co-owns THA Holdings LLC with his wife.

16. Ferdinand conducted a portion of the transaction described in paragraph 14(c) through LuxUrban Guarantee Trust, a trust for which Ferdinand is a beneficiary. Of the 6,000,000 shares purchased, 2,814,000 shares were purchased for the account of LuxUrban Guarantee Trust while the remaining 3,186,000 shares were purchased directly for Ferdinand's own account.

17. Ferdinand publicly disclosed the transactions described in paragraph 14 above in two Statements of Changes in Beneficial Ownership on Form 4 filed by him with the U.S. Securities and Exchange Commission on December 4, 2023 and May 24, 2024. Copies of those statements are attached as Exhibits A and B to this complaint.

18. All of the purchases and sales of LuxUrban's common stock described in paragraph 14 above were made within a single period of less than six months.

19. Each sale of LuxUrban's common stock described in paragraph 14 above was made at a higher price than each purchase of LuxUrban's common stock described in paragraph 14 above.

20. Ferdinand had a direct or indirect pecuniary interest in each transaction described in paragraph 14 above.

21. Under the "lowest-in, highest-out" method for computing realized profit pursuant to Section 16(b) of the Act, Ferdinand realized a profit of $320,739.80 from the transactions described in paragraph 14 above.

22. Plaintiff Calenture, LLC made demand on LuxUrban for recovery of the profit realized by Ferdinand on May 24, 2024.

23. More than 60 days have passed since that demand was made, and LuxUrban has neither recovered the profit realized nor instituted an action for recovery of the profit. Further delay would be a futile gesture.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court for judgment:

(a) Requiring Ferdinand to account for and pay over to LuxUrban the short-swing profit realized and retained by Ferdinand in violation of Section 16(b) of the Act in an amount not less than $320,739.80, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiffs their costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiffs such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs respectfully demand a trial by jury on each and every question so triable.

Dated: July 26, 2024

/s/ Daniel E. Doherty                                         /s/ James A. Hunter

Daniel E. Doherty                                              James A. Hunter
D.E. DOHERTY LAW OFFICE, LLC              LAW OFFICE OF JAMES A. HUNTER
7300 W. 110th Street, Suite 930                        201 King of Prussia Road, Suite 650
Overland Park, Kansas  66210                         Radnor, Pennsylvania  19087
Tel: +1 (913) 338-7182                                       Tel: +1 (484) 275-2162
Fax: +1 (913) 338-7164                                      Fax: +1 (646) 462-3356
Email: ded@ddoherty.net                                 Email: hunter@hunterkmiec.com

*Attorneys for Plaintiffs*                                       *Attorneys for Plaintiffs*